IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MATTHEW SOLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:19-cv-02467-JPB |
| JOSHUA A. HALE, MICHAEL | ) | |
| O'BRIEN & MICHAEL HORTON, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANTS JOSHUA A. HALE, MICHAEL O'BRIEN AND MICHAEL HORTON

Come now Joshua A. Hale ("Hale"), Michael O'Brien ("O'Brien") and Michael Horton ("Horton") (hereinafter Hale, O'Brien and Horton may be collectively referred to as "these defendants"), in their individual capacities, and answer the complaint filed herein on behalf of Matthew Solon ("Solon") as follows:

## FIRST DEFENSE

For a first defense, these defendants show that the complaint fails to state a claim against them upon which relief can be granted.

## SECOND DEFENSE

For a second defense, these defendants respond to the numbered paragraphs of the complaint as follows:

**<u>INTRODUCTION</u>**

In response to the allegations in the first two unnumbered paragraphs in the complaint under the heading "Introduction," these defendants show that they are not required to respond to what comprises little more than Solon's generalized and subjective narrative summary of the bases on which he is seeking to recover damages against these defendants. To the extent that a response is required, these defendants expressly deny said allegations as stated and expressly deny that they violated any of plaintiff's rights, under the Constitution and laws of the United States, the Constitution and laws of the State of Georgia, or otherwise.

1.

In response to the allegations of paragraph 1, these defendants admit only that plaintiff is seeking to assert federal claims against them and that this Court has original subject matter jurisdiction to hear and decide such claims. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

2.

In response to the allegations of paragraph 2, these defendants admit only that any interactions that they may have had with regard to plaintiff Matthew Solon ("Solon") on June 26, 2017 occurred within the jurisdictional boundaries of

this Court.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

3.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 and, therefore, these defendants can neither admit nor deny the same.

4.

In response to the allegations of paragraph 4, Hale admits only that he has been served with process, that he is presently employed as a duly-certified law enforcement officer employed by the City of Kennesaw, Georgia ("Kennesaw") and that, based on the allegations in the complaint, he is being sued solely in his individual capacity.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

5.

In response to the allegations of paragraph 5, Hale admits only that in connection with any interactions he had Solon, he was acting solely and exclusively within his discretionary authority performing discretionary functions in his capacity as a law enforcement officer, duly certified as such under the laws of the State of Georgia, and within the course and scope of his employment with

Kennesaw.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

6.

In response to the allegations of paragraph 6, O'Brien admits only that he has been served with process, that he is presently employed as a duly-certified law enforcement officer employed by Kennesaw, and that, based on the allegations in the complaint, he is being sued solely in his individual capacity.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

7.

In response to the allegations of paragraph 7, O'Brien admits only that in connection with any interactions he had with Solon, he was acting solely and exclusively within discretionary authority performing discretionary functions in his capacity as a law enforcement officer, duly certified as such under the laws of the State of Georgia, and within the course and scope of his employment with Kennesaw.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

8.

In response to the allegations of paragraph 8, Horton admits only that he has been served with process, that he is presently employed as a duly-certified law

enforcement officer employed by Kennesaw, and that, based on the allegations in the complaint, he is being sued solely in his individual capacity. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

9.

In response to the allegations of paragraph 9, Horton admits only that in connection with any interactions he had with Solon, he was acting solely and exclusively within his discretionary authority performing discretionary functions in his capacity as a law enforcement officer, duly certified as such under the laws of the State of Georgia, and within the course and scope of his employment with Kennesaw. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

10.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 and, therefore, these defendants can neither admit nor deny the same.

11.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11 and, therefore, these defendants can neither admit nor deny the same.

12.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 and, therefore, these defendants can neither admit nor deny the same.

13.

 In response to the allegations of paragraph 13, these defendants admit only that Solon and persons he identified as his friends were present in the parking lot of Mazzy's Sports Bar and Grill in Kennesaw at the time these defendants arrived on the scene. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

14.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 and, therefore, these defendants can neither admit nor deny the same.

15.

In response to the allegations of paragraph 15, these defendants show that the interactions between Solon and Cooper in the Mazzy's parking lot prior to the arrival of any of these defendants were captured on surveillance video from Mazzy's Sports Bar & Grill (the "Mazzy video"), and admit only that the video

footage will speak for itself regarding the events that occurred in this regard. To the extent this paragraph refers to verbal conversations that took place in the parking lot prior to the officers' arrival and not captured on the Mazzy's video, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this regard and, therefore, these defendants can neither admit nor deny the same. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

16.

In response to the allegations of paragraph 16, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 15 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

17.

In response to the allegations of paragraph 17, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 15 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

18.

In response to the allegations of paragraph 18, these defendants re-allege

and incorporate by reference, as if fully set forth herein, their response to paragraph 15 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

19.

In response to the allegations of paragraph 19, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 15 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

20.

In response to the allegations of paragraph 20, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 15 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

21.

In response to the allegations of paragraph 21, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 15 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

22.

In response to the allegations of paragraph 22, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 15 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

23.

Based on these defendants' objective review of the surveillance video footage from Mazzy's, the allegations of paragraph 23 are denied as stated. In further response, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 15 above.  In further response, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph regarding these individuals' subjective beliefs or perceptions in this regard and, therefore, these defendants can neither admit nor deny the same.

24.

Based on these defendants' objective review of the surveillance video footage from Mazzy's, the allegations of paragraph 24 are denied as stated to the extent the same refers to the alleged immediate threat of death or grievous bodily harm posed by Mr. Cooper after he had been disarmed. In further response, these

defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 15 above.  In further response, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph regarding Solon's subjective beliefs or perceptions in this regard and, therefore, these defendants can neither admit nor deny the same.

25.

In response to the allegations of paragraph 25, these defendants admit only that no weapons owned by Solon were found on his person. In further response, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 15 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

26.

In response to the allegations of paragraph 26, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 15 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

27.

In response to the allegations of paragraph 27, these defendants re-allege

and incorporate by reference, as if fully set forth herein, their response to paragraph 15 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

28.

In response to the allegations of paragraph 28, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 15 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

29.

In response to the allegations of paragraph 29, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 15 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

30.

In response to the allegations of paragraph 30, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 15 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

31.

In response to the allegations of paragraph 31, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 15 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

32.

Based on information and belief, the allegations of paragraph 32 are admitted. In further response, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 15 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

33.

In response to the allegations of paragraph 33, these defendants admit only that an individual, presumably Solon, called Cobb County 911 to request police assistance arising from an incident in the Mazzy's parking lot in which the caller advised dispatch that someone, presumably Dwight David Cooper, had pulled a gun on him; that the caller had hit and kicked this individual in the face; that this individual was bleeding from the head; and that an ambulance was needed at the scene. In further response, these defendants show that the Cobb County 911 audio dispatch tape (the "Cobb audio tape"), any corresponding Cobb County CAD log,

audio from Kennesaw dispatch and any corresponding Kennesaw CAD log, will speak for itself regarding the communications made therein. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

34.

In response to the allegations of paragraph 34, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 33 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

35.

The allegations of paragraph 35 are admitted.

36.

The allegations of paragraph 36 are admitted.

37.

The allegations of paragraph 37 are admitted.

38.

In response to the allegations of paragraph 38, these defendants admit only that O'Brien was wearing a body camera with a malfunctioning battery which caused his body camera to inadvertently and unintentionally turn on and off at various times following his arrival at the scene  Except as expressly admitted

herein, the allegations of this paragraph are denied as stated.

39.

In response to the allegations of paragraph 39, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 33 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

40.

In response to the allegations of paragraph 40, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 33. In further response, these defendants admit only that video from body cameras worn by one or more of the law enforcement officers who were present on the scene on June 26, 2017 will speak for itself regarding their investigation and their respective interactions with Solon and other individuals present at the scene. In further response, these defendants admit only that Hale prepared an incident report and Horton prepared a supplemental incident report summarizing the events of June 26, 2017 and their interactions with Solon, which reports likewise speak for themselves. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

41.

In response to the allegations of paragraph 41, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

42.

In response to the allegations of paragraph 42, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

43.

In response to the allegations of paragraph 43, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

44.

In response to the allegations of paragraph 44, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations

of this paragraph are denied as stated.

45.

In response to the allegations of paragraph 45, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15, 33, and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

46.

In response to the allegations of paragraph 46, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

47.

In response to the allegations of paragraph 47, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

48.

In response to the allegations of paragraph 48, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to

paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

49.

In response to the allegations of paragraph 49, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

50.

In response to the allegations of paragraph 50, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

51.

In response to the allegations of paragraph 51, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

52.

In response to the allegations of paragraph 52, these defendants re-allege

and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

53.

On information and belief, the allegations of paragraph 53 are admitted.

54.

In response to the allegations of paragraph 54, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

55.

In response to the allegations of paragraph 55, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15, 33, and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

56.

In response to the allegations of paragraph 56, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations

of this paragraph are denied as stated.

57.

In response to the allegations of paragraph 57, these defendants admit only that Officer Hale spoke to Mr. Lyra and Mr. Lopez at the scene in connection with their investigation. In further response, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

58.

In response to the allegations of paragraph 58, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15, 40, and 57 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

59.

In response to the allegations of paragraph 59, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15, 40, and 57 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

60.

In response to the allegations of paragraph 60, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15, 40, and 57 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

61.

In response to the allegations of paragraph 61, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15, 38, 40, and 57 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

62.

In response to the allegations of paragraph 62, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

63.

In response to the allegations of paragraph 63, these defendants re-allege 63 and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations

of this paragraph are denied as stated.

64.

In response to the allegations of paragraph 64, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

65.

In response to the allegations of paragraph 65, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

66.

In response to the allegations of paragraph 66, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

67.

In response to the allegations of paragraph 67, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to

paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

68.

In response to the allegations of paragraph 68, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

69.

In response to the allegations of paragraph 69, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

70.

In response to the allegations of paragraph 70, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

71.

In response to the allegations of paragraph 71, these defendants re-allege

and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

72.

In response to the allegations of paragraph 72, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

73.

In response to the allegations of paragraph 73, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

74.

In response to the allegations of paragraph 74, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

75.

In response to the allegations of paragraph 75, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

76.

In response to the allegations of paragraph 76, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

77.

In response to the allegations of paragraph 77, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

78.

In response to the allegations of paragraph 78, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations

of this paragraph are denied as stated.

79.

In response to the allegations of paragraph 79, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

80.

In response to the allegations of paragraph 80, these defendants admit only that Horton arrived at the scene following Hale and Horton's arrival, and that Horton was the shift supervisor. In further response, these defendants show that they are not required to respond to allegations which merely set forth plaintiff's interpretation of the term "authority" under state or federal law. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

81.

In response to the allegations of paragraph 81, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

82.

In response to the allegations of paragraph 82, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

83.

In response to the allegations of paragraph 83, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

84.

In response to the allegations of paragraph 84, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

85.

In response to the allegations of paragraph 85, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations

of this paragraph are denied as stated

86.

In response to the allegations of paragraph 86, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

87.

In response to the allegations of paragraph 87, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

88.

In response to the allegations of paragraph 88, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

89.

In response to the allegations of paragraph 89, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to

paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

90.

In response to the allegations of paragraph 90, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

91.

In response to the allegations of paragraph 91, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

92.

In response to the allegations of paragraph 92, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

93.

The allegations of paragraph 93 are denied as stated.

94.

The allegations of paragraph 94 are denied.

95.

The allegations of paragraph 95 are denied.

96.

The allegations of paragraph 96 are denied.

97.

In response to the allegations of paragraph 97, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

98.

In response to the allegations of paragraph 98, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

99.

In response to the allegations of paragraph 99, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to

paragraph 33 above. In further response, these defendants only that the CAD report confirms that Cooper's license was run through dispatch at approximately 2:16:43. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

100.

In response to the allegations of paragraph 100, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

101.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the speculative and hypothetical allegations of paragraph 101 and, therefore, these defendants can neither admit nor deny the same.

102.

The allegations of paragraph 102 are denied as stated to the extent this paragraph alleges that any of the officers had knowledge of the information set forth in this paragraph while at the scene. In further response, these defendants show that they are without knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations of this paragraph and, therefore, these defendants can neither admit nor deny the same.

103.

In response to the allegations of paragraph 103, these defendants admit only that Cooper did not provide Hale with a statement to these defendants at the scene. In further response, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

104.

In response to the allegations of paragraph 104, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15, 40, and 103 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

105.

In response to the allegation of paragraph 105, these defendants admit only that Ms. Fields did not provide a statement to these defendants at the scene. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

106.

In response to the allegations of paragraph 106,these defendants admit only that some of the persons who were present at the scene on the date of the incident were interviewed and prepared handwritten statements regarding their recollection of events, which statements will speak for themselves in this regard. In further response, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

107.

In response to the allegations of paragraph 107, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraphs 15, 40 and 106 above. In further response, these defendants show some of the persons who were present at the scene on the date of the incident prepared handwritten statements regarding their recollection of events, which statements will speak for themselves. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

108.

In response to the allegations of paragraph 108, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to

paragraphs 15, 40 and 106 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

109.

In response to the allegations of paragraph 109, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15, 40 and 106 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

110.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the speculative and hypothetical allegations of paragraph 110 and, therefore, these defendants can neither admit nor deny the same.

111.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the speculative and hypothetical allegations of paragraph 111 and, therefore, these defendants can neither admit nor deny the same.

112.

These defendants are without knowledge or information sufficient to form

a belief as to the truth or falsity of the speculative and hypothetical allegations of paragraph 112 and, therefore, these defendants can neither admit nor deny the same.

113.

In response to the allegations of paragraph 113, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15, 40, and 106 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

114.

The allegations of paragraph 114 are denied as stated.

115.

In response to the allegations of paragraph 115, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

116.

The allegations of paragraph 116 are denied.

117.

In response to the allegations of paragraph 117, these defendants re-allege

and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

118.

In response to the allegations of paragraph 118, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

119.

In response to the allegations of paragraph 119, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

120.

In response to the allegations of paragraph 120, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

121.

In response to the allegations of paragraph 121, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

122.

In response to the allegations of paragraph 122, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

123.

In response to the allegations of paragraph 123, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

124.

The allegations of paragraph 124 are denied as stated.

125.

In response to the allegations of paragraph 125, these defendants re-allege

and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied.

126.

In response to the allegations of paragraph 126, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied.

127.

In response to the allegations of paragraph 127, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

128.

In response to the allegations of paragraph 128, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

129.

In response to the allegations of paragraph 129, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

130.

In response to the allegations of paragraph 130, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

131.

In response to the allegations of paragraph 131, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

132.

The allegations of paragraph 132 are denied as stated. In further response, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.

133.

In response to the allegations of paragraph 133, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

134.

In response to the allegations of paragraph 134, these defendants admit only that Hale reviewed the Mazzy's surveillance video which captured the events that took place in the parking lot and which confirmed that Solon assaulted Mr. Cooper by hitting him in the head with Cooper's gun while Cooper was on the ground and defenseless, as noted by the District Attorney in his amended dismissal of the criminal charges lodged against Solon by Hale. In further response, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

135.

The allegations of paragraph 135 are denied.

136.

The allegations of paragraph 136 are denied.

137.

In response to the allegations of paragraph 137, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

138.

The allegations of paragraph 138 are denied.

139.

The allegations of paragraph 139 are denied.

140.

In response to the allegations of paragraph 140, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

141.

In response to the allegations of paragraph 141, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

142.

The allegations of paragraph 142 are denied.

143.

The allegations of paragraph 143 are denied. In further response, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.

144.

The allegations of paragraph 144 are denied.

145.

In response to the allegations of paragraph 145, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

146.

The allegations of paragraph 146 are denied as stated

147.

The allegations of paragraph 147 are denied.

148.

The allegations of paragraph 148 are denied.

149.

In response to the allegations of paragraph 149, these defendants admit only that Horton did not intervene nor did he have any legal duty to prevent Hale from effectuating a lawful arrest of Solon based on Hale's reasonable belief that Solon had committed the crimes for which he was charged. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

150.

The allegations of paragraph 150 are denied.

151.

The allegations of paragraph 151 are admitted.

152.

On information and belief, the allegations of paragraph 152 are admitted.

153.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity or the allegations of paragraph 153 and, therefore, these defendants can neither admit nor deny the same.

154.

On information and belief, the allegations of paragraph 154 are admitted.

155.

In response to the allegations of paragraph 155, these defendants admit only that Hale prepared an incident report which will speak for itself. In further response, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

156.

The allegations of paragraph 156 are denied.

157.

In response to the allegations of paragraph 157, these defendants admit only that Hale prepared an affidavit for Solon's arrest which affidavit was presented to a magistrate judge who, in turn, signed and issued the arrest warrants based upon the existence of probable cause. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

158.

In response to the allegations of paragraph 158, these defendants admit only that the warrant affidavit prepared by Hale will speak for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

159.

In response to the allegations of paragraph 159, these defendants admit only that the warrant affidavit prepared by Hale will speak for itself. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

160.

The allegations of paragraph 160 are denied.

161.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity or the allegations of paragraph 161 and, therefore, these defendants can neither admit nor deny the same.

162.

In response to the allegations of paragraph 162, these defendants admit only that the assistant district attorney for the Cobb Judicial Circuit, as approved by the chief assistant district attorney, dismissed the charges against Solon for battery and possession of firearm or knife during commission of or attempt to commit certain felonies based upon his decision that "insufficient evidence to prove guilt beyond a reasonable doubt: the above named individual acted in self-defense and in the defense of others by disarming and subduing an individual who approached him and then proceeded to brandish a firearm."

In further response, these defendants show that on June 12, 2019, the acting district attorney for the Cobb Judicial Circuit referenced above prepared and filed an Amended Dismissal of said charges which provides as follows:

> Although the facts absolutely support the officer's decision to arrest this defendant, I am approved a dismissal of the case because the decision to arrest is not the same standard as proof beyond a reasonable doubt. I approved the dismissal when I was Chief Assistant DA because the defendant is a veteran who acted in the defense of others. Then a mere 7 seconds after walking away from the subdued perpetrator, the defendant walks back and strikes the perp in the head with the handgun while the perpetrator is on the ground. Although legally sufficient to become two separate and distinct events, that distinction is not sufficient to prove this case beyond a reasonable doubt.

Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

163.

In response to the allegations of paragraph 163, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 162 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

164.

In response to the allegations of paragraph 164, these defendants admit only

that Hale applied for and obtained arrest warrants for Mr. Cooper's arrest which warrants will speak for themselves. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

165.

In response to the allegations of paragraph 165, these defendants admit only that the district attorney prepared and filed an indictment charging plaintiff with various crimes in the exercise of prosecutorial discretion, which indictment will speak for itself regarding its terms and conditions. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

166.

The allegations of paragraph 166 are denied.

167.

The allegations of paragraph 167 are denied.

168.

The allegations of paragraph 168 are denied.

169.

The allegations of paragraph 169 are denied.

170.

The allegations of paragraph 170 are denied.

171.

The allegations of paragraph 171 are denied.

172.

The allegations of paragraph 172 are denied.

173.

The allegations of paragraph 173 are denied.

174.

The allegations of paragraph 174 are denied.

175.

The allegations of paragraph 175 are denied.

176.

In response to the allegations of paragraph 176, these defendants admit only that Solon was detained, arrested, incarcerated and prosecuted based upon the existence of actual and arguable probable cause that he had committed a crime. In further response, these defendants expressly deny that Solon's arrest was based on the exercise by Solon of any rights guaranteed to him by the First Amendment or any other amendments to the Constitution of the United States, and expressly deny that Solon was arrested for any reason other than the existence of probable cause under the totality of circumstances presented. In further response, these

defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15 and 40 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

177.

In response to the allegations of paragraph 177, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 15, 40, and 176 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

178.

The allegations of paragraph 178 are denied.

179.

The allegations of paragraph 179 are denied.

180.

The allegations of paragraph 180 are denied.

181.

The allegations of paragraph 181 are denied.

182.

The allegations of paragraph 182 are denied.

183.

The allegations of paragraph 183 are denied.

184.

The allegations of paragraph 184 are denied.

185.

The allegations of paragraph 185 are denied.

186.

The allegations of paragraph 186 are denied.

187.

The allegations of paragraph 187 are denied.

188.

The allegations of paragraph 188 are denied.

189.

The allegations of paragraph 189 are denied.

190.

The allegations of paragraph 190 are denied.

191.

The allegations of paragraph 191 are denied.

192.

The allegations of paragraph 192 are denied as stated. In further response, these defendants show that the decision to detain or arrest an individual is within the exclusive discretion of the detaining/arresting officer based on probable cause. In further response, these defendants show that they are not required to respond to allegations which merely set forth plaintiff's interpretation of federal or state law with regard to the definition or extent of Defendant Horton's alleged "authority" to control the lawful discretionary decisions and/or actions of any duly-certified law enforcement officer. In further response, these defendants show that Horton did not have any legal duty to prevent Hale from effectuating a lawful arrest of Solon based on Hale's reasonable belief that Solon had committed the crimes for which he was charged. To the extent that a further response is required, the allegations of this paragraph are denied as stated.

193.

The allegations of paragraph 193 are denied.

194.

The allegations of paragraph 194 are denied.

195.

The allegations of paragraph 195 are denied.

196.

The allegations of paragraph 196 are denied.

197.

The allegations of paragraph 197 are denied.

198.

The allegations of paragraph 198 are denied.

199.

The allegations of paragraph 199 are denied.

200.

The allegations of paragraph 200 are denied.

201.

The allegations of paragraph 201 are denied.

202.

The allegations of paragraph 202 are denied.

203.

The allegations of paragraph 203 are denied. In further response, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraph 192 above.

204.

The allegations of paragraph 204 are denied. In further response, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraph 192 above.

205.

The allegations of paragraph 205 are denied.

206.

The allegations of paragraph 206 are denied.

207.

In response to the allegations of paragraph 207, these defendants admit only that arrest warrants were obtained for Solon's arrest. In further response, these defendants show that they are not required to respond to plaintiff's legal interpretation of state or federal law regarding the point at which a prosecution is formally instituted. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

208.

The allegations of paragraph 208 are denied.

209.

The allegations of paragraph 209 are denied.

210.

The allegations of paragraph 210 are denied.

211.

The allegations of paragraph 211 are denied.

212.

The allegations of paragraph 212 are denied.

213.

The allegations of paragraph 213 are denied.

214.

The allegations of paragraph 214 are denied.

215.

The allegations of paragraph 215 are denied.

216.

The allegations of paragraph 216 are denied. In further response, these defendants show that they are not required to respond to allegations which merely provide plaintiff's interpretation of state or federal law regarding the legal defenses available to these defendants in this action. In further response, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 192 above.

217.

The allegations of paragraph 217 are denied.

218.

The allegations of paragraph 218 are denied.

219.

Any other allegations in the complaint which have not been expressly admitted or otherwise addressed are hereby denied.

### THIRD DEFENSE

For a third defense, these defendants show that there was both actual and arguable probable cause for plaintiff's detention, arrest, incarceration and prosecution.

### FOURTH DEFENSE

For a fourth defense, these defendants show that Solon's prosecution did not constitute a seizure under the Fourth Amendment.

### FIFTH DEFENSE

For a fifth defense, these defendants plead the defense of qualified immunity with regard to any and all federal claims asserted against them and official function, discretionary immunity with regard to any state law claims asserted against them and show that at no time did any of them act with actual

malice or actual intent to injure plaintiff equivalent to a deliberate intention to do wrong.

Wherefore, having fully answered, these defendant pray that verdict and judgment be entered in their favor, with all costs cast against plaintiff; that they have a trial by jury with regard to all triable issues; and that they have such other and further relief as this Court deems just and proper in the circumstances.

This 8th day of July, 2019.

/s/Harvey S. Gray
Harvey S. Gray
Georgia Bar No. 305838
Dianna J. Lee
Georgia Bar No. 163391
*Attorneys Defendants Joshua A. Hale,*
*Michael O'Brien and Michael Horton*

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Lee)
(404) 870-7374 (Fax)
hgray@grsmb.com
dlee@grsmb.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this date electronically filed the foregoing **Answer of Defendants Joshua A. Hale, Michael O'Brien and Michael Horton** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record in this action.

This 8th day of July, 2019.

/s/Harvey S. Gray
Harvey S. Gray
Georgia Bar No. 305838
Dianna J. Lee
Georgia Bar No. 163391
*Attorneys Defendants Joshua A. Hale,*
*Michael O'Brien and Michael Horton*

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Lee)
(404) 870-7374 (Fax)
hgray@grsmb.com
dlee@grsmb.com