# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MATTHEW SOLON,<br><br>                Plaintiff,<br><br>v.<br><br>JOSHUA A. HALE, MICHAEL O'BRIEN & MICHAEL HORTON, individually,<br><br>                Defendants. | CIVIL ACTION FILE NO.:<br><br>1:19-cv-02467-JPB |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

COME NOW the parties in the above-styled civil action and present their Joint Preliminary Report and Discovery Plan as follows:

**1.** **Description of Case:**

**(a) Describe briefly the nature of this action.**

Plaintiff brings claims under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments. He alleges he was unlawfully detained and arrested without sufficient legal justification, which was motivated by his engaging in protected speech. Defendants deny liability with regard to all claims asserted against them herein.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**By Plaintiff:**

On June 26, 2017, Mr. Solon and three friends went to Mazzy's Sports Bar and Grill in Kennesaw. After leaving, they were approached by a drunk man who proceeded to harass them. Solon's group told the drunk man to leave, but instead of leaving, he pulled out a firearm and threatened to kill Solon's group. Acting to prevent the loss of life, Solon disarmed the drunk man, using an appropriate amount of force.

Solon then called the police. When they arrived, Solon alleges he was subjected to objectively unreasonable treatment by Defendants, including conduct that caused his detention, arrest, and prosecution.

Without interviewing any of the first hand witnesses on the scene about what happened, Defendants engaged in unreasonable speculation about a hazy surveillance video. Solon alleges that Defendants' conduct was motivated by a desire to retaliate against him for comments he made to the officers when he expressed frustration at how they were treating him.

Ultimately, Solon was arrested and prosecuted for criminal charges associated with his actions of disarming the drunk man, while the drunk man was allowed to walk free. Solon alleges that these charges were initiated without arguable probable cause. All of Solon's charges were later dismissed.

**By Defendants:**

In the early morning hours of June 16, 2017, an individual, later identified as plaintiff Matthew Solon, called Cobb County 911 to request police assistance arising from an incident which occurred in the Mazzy's parking lot. Solon advised dispatch that someone, later identified as Dwight David Cooper, had pulled a gun on him in the Mazzy's parking lot; that he had hit and kicked Cooper in the face; that Cooper was bleeding from the head; and that an ambulance was needed at the scene. Defendants Hale, O'Brien and Horton, certified law enforcement officers employed by the City of Kennesaw, Georgia were dispatched to the scene in reference to a fight in the parking lot; the officers arrived at the scene, called for an ambulance to come to the scene to provide treatment to Cooper and investigated what had occurred. Based on video from a surveillance video overlooking the parking lot, it was discovered that after Solon had confronted Cooper and removed the bullets from his gun, he returned to where Cooper was lying defenseless on the ground, and used Cooper's gun to strike Cooper in the head, causing him to sustain serious bodily injuries for which he required extensive medical treatment. As noted by the District Attorney in an amended dismissal of the charges against Solon:

> Although the facts absolutely support the officer's decision to arrest this defendant, I am approved a dismissal of the case because the decision to arrest is not the same standard as proof beyond a reasonable doubt. I approved the dismissal when I was Chief Assistant DA because the defendant is a veteran who acted in the defense of others. Then a mere 7 seconds after walking away from the subdued perpetrator, the defendant walks back and strikes the perp in the head with the handgun while the perpetrator is on the ground. Although legally sufficient to become two separate and distinct events, that distinction is not sufficient to prove this case beyond a reasonable doubt.

Solon admitted at the scene that he had, in fact, struck Cooper in the head with Cooper's gun, an admission which he now denies. The video confirms Solon's unprovoked aggravated battery of Cooper and confirms that he indeed used a firearm to commit said offense. Reasonable suspicion and actual and arguable probable cause existed to support Solon's detention, arrest, incarceration and prosecution. All three officers are entitled to qualified immunity with regard to all federal claims asserted against them and official function, discretionary immunity with regard to all state law claims asserted against them and show that at no time did any of them act with actual malice or intent to injure Solon equivalent to any deliberate intention to do wrong.

**(c) The legal issues to be tried are as follows:**

1. Whether Defendants violated Solon's rights or breached any duties owed to him under the U.S. Constitution or federal law;

2. Whether Defendants are entitled to qualified immunity and/or official function, discretionary immunity; and
3. Whether Solon is entitled to compensatory and/or punitive damages, and if so, from which defendants and the extent of such damages.

**(d) The cases listed below (include both style and action number) are:**

(1) Pending Related Cases:

None known at this time.

(2) Previously Adjudicated Related Cases:

*State of Georgia v. Matthew Scott Solon*, Warrant No. 17-WD-5828 (Magistrate Ct. Cobb Cty.)

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

\_\_\_\_\_ (1) Unusually large number of parties

\_\_\_\_\_ (2) Unusually large number of claims or defenses

\_\_X\_\_ (3) Factual issues are exceptionally complex

\_\_\_\_\_ (4) Greater than normal volume of evidence

\_\_X\_\_ (5) Extended discovery period is needed

\_\_\_\_\_ (6) Problems locating or preserving evidence

\_\_\_\_\_ (7) Pending parallel investigations or action by government

\_\_\_\_\_ (8) Multiple use of experts

\_\_\_\_\_ (9) Need for discovery outside United States boundaries

\_\_\_\_\_ (10) Existence of highly technical issues and proof

_____ (11) Unusually complex discovery of electronically stored information

**3.   Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

   **For Plaintiff:**

   William J. Atkins
   EDMOND, LINDSAY & HOFFLER, LLP
   344 Woodward Avenue, SE
   Atlanta, Georgia 30312
   (404) 525-1090
   batkins@edmondfirm.com

   Zack Greenamyre
   MITCHELL & SHAPIRO LLP
   3490 Piedmont Road, Suite 650
   Atlanta, Georgia 30305
   404-812-4747
   zack@mitchellshapiro.com

   **For Defendants:**

   Harvey S. Gray and Dianna J. Lee
   GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE
   1700 Atlanta Plaza
   950 East Paces Ferry Road
   Atlanta, GA 30326
   404-870-7376
   404-870-7374 (fax)
   hgray@grsmb.com

**4.   Jurisdiction:**

   Is there any question regarding this court's jurisdiction?

____ Yes __X__ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.   Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

   None known at this time.

(b) The following persons are improperly joined as parties:

   None known at this time.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

   None known at this time.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.   Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

   (a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

None known at this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The parties do not object to Initial Disclosures.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues to be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**The parties will need to conduct discovery with respect to all issues and defenses raised in the Complaint and Answer.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Discovery in the above-captioned action commences on August 7, 2019.**

**Due to the complex nature of the claims and defenses asserted in this case, as well as the number of witnesses from whom discovery will be needed, some of whom reside out of state, the parties jointly request a (6) six-month period in which to complete discovery, through and including <u>February 7, 2020</u>.**

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

    (a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

    **None at this time.**

    (b) Is any party seeking discovery of electronically stored information?

      __X__ Yes      ____ No

    If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

    **The parties do not foresee a need to limit electronic discovery in this matter at this time. Should any dispute arise which cannot be mediated by the parties, the parties agree to alert the Court in a timely fashion.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

    **Electronic information that can be produced in PDF or paper format will be produced either via email, on a disk, or on paper. The parties reserve the right to seek electronic information through any additional manner, including but not limited to the original native format and the original metadata information. The parties agree to provide reasonable notice of the need for an additional production method.**

(3) In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

    **The parties have come to an agreement in principle regarding the discovery of electronically stored information; therefore, the parties will not require a scheduling conference.**

**12.     Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

   **None known at this time.**

**13.     Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **July 24, 2019** and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff:**

   **Counsel (signature):**     **/s/ William Atkins**
                                **/s/ Zack Greenamyre**

**For Defendants:**

   **Counsel (signature):**     **/s/ Harvey Gray**

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

   \_\_\_ A possibility of settlement before discovery.
   _X_ A possibility of settlement after discovery.
   \_\_\_ A possibility of settlement, but a conference with the judge is needed.
   \_\_\_ No possibility of settlement.

(c) Counsel \_\_\_ do or _X_ do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is likely a date in _____.

(d) The following specific problems have created a hindrance to settlement of this case.

**None known at this time.**

**14.   Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties ____ do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20____.

(b) The parties  X  do not consent to having this case tried before a magistrate judge of this court.

The undersigned, in accordance with L.R. 7.1 and 5.1(C), hereby certifies that the type font used herein is 13-Point Book Antigua font.

This 7th day of August, 2019.

**For Plaintiff:**

/s/ William J. Atkins
William J. Atkins
Georgia Bar No. 027060
EDMOND, LINDSAY & HOFFLER, LLP
344 Woodward Avenue, SE
Atlanta, Georgia 30312
(404) 525-1090
batkins@edmondfirm.com

/s/Zack Greenamyre
Zack Greenamyre
Georgia Bar No. 293002
MITCHELL & SHAPIRO LLP

**For Defendants:**

/s/ Dianna J. Lee
Harvey S. Gray
Georgia Bar No. 305838
Dianna J. Lee
Georgia Bar No. 163391
GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE
950 East Paces Ferry Road, NE
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Lee)
hgray@grsmb.com

3490 Piedmont Road, Suite 650       dlee@grsmb.com
Atlanta, Georgia 30305
404-812-4747
zack@mitchellshapiro.com

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified.

IT IS SO ORDERED, this ____ day of _____, 2019.

_____
HONORABLE JEAN-PAUL BOULEE
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that I have this date electronically filed the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the all counsel of record in this case.

This 7th day of August, 2019.

/s/ Dianna J. Lee
Harvey S. Gray
Georgia Bar No. 305838
Dianna J. Lee
Georgia Bar No. 163391
*Attorneys for Defendants*

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Lee)
(404) 870-7374 (Fax)
hgray@grsmb.com
dlee@grsmb.com